IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

HAPPY HOUR THINKING, LLC,

    Plaintiff,

v.

EVRIHOLDER PRODUCTS, LLC,

    Defendant.

Case No. 2:25-cv-00436-AWA-LRL

# PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE PURSUANT TO FED. R. CIV. P. 12(B)(2) AND 12(B)(3)

I. **INTRODUCTION**

This Court has personal jurisdiction over Defendant Evriholder. And the venue is proper in this Court. This case is a patent-infringement case arises from Defendant Evriholder Products, LLC's (hereinafter "Evriholder') infringement of Plaintiff's patent through selling its infringing products in local brick-and-mortar stores of Walmart, a national-wide retain chain that has over 100 super center (stores) throughout Virginia.

Defendant Evriholder challenges personal jurisdiction and alternatively seeks to transfer this case to the Central District of California. See ECF Nos. 11 and 12. Defendant's request for dismissal of this case shall be denied due to well-established jurisprudence of the Court Appeals of the Federal Circuit (hereinafter "the Federal Circuit" or "the Fed. Cir.") governing the issue of personal jurisprudence of a patent infringement case of facts of similar in nature to those of this case.

II. **FACTUAL BACKGROUND**

Defendant Evriholder is an Indiana corporation having principal place of business in Brea, California. Defendant has been, *inter alia*, allegedly selling, through Walmart's established vast distribution network, products infringing a patent of Plaintiff in local brick-and-mortar stores of Walmart, a network of stores which include a massive of over100 local brick-and-mortar super centers (stores) of Walmart in Virginia. Defendant's aforementioned patent-infringement acts gives rise to the filing of this patent infringement case by Plaintiff.

III. **LEGAL STANDARDS**

Under the U.S. Constitution, a court may exercise personal jurisdiction over a non-resident defendant "if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and

2

substantial justice.' " <u>International Shoe Co. v. Washington</u>, 326 U.S. 310, 66 S. Ct. 154, 90 L. Ed. 95 (1945).

Virginia's long-arm statute provides, through subsections A.3 and A.4 of Va. Code Ann. § 8.01-328.1, for personal jurisdiction. The Virginia statute, in relevant parts, read:

> "A. A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's:
> …
> 3. Causing tortious injury by an act or omission in this Commonwealth;
> 4. Causing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he ... derives substantial revenue from goods used or consumed or services rendered, in this Commonwealth;" Va. Code § 8.01-328.1(A).

In the specific patent infringement context as pertaining to A.3 and A.4 of the Virginia long-arm statute, the Federal Circuit, through <u>Beverly Hills Fan Co. v. Royal Sovereign Corp.</u>, 21 F.3d 1558 (Fed. Cir. 1994), provides that the 'tortious injury' requirements of both A.3 and A.4 of the Virginia long-arm statute have been met when a defendant purposefully shipped an accused allegedly patent-infringing product into Virginia through an established on-going and continuous distribution network that has six (6) local stores in Virginia.

In establishing this patent-specific and distribution-network-specific jurisprudence, the <u>Beverly Hills Fan Co.</u> Court provides, in relevant parts, as follows:

> "Economic loss occurs to the patent holder at the place where the infringing sale is made because the patent owner loses business there. This loss is immediate when the patent holder is marketing a competing product. Even if the patent holder is not, the loss may be no less real since the sale represents a loss in potential revenue through licensing or other arrangements. Furthermore, analysis of long-arm jurisdiction has its focus on the conduct of the defendant. Plaintiff's contacts with the forum--such as where the plaintiff resides--as a general proposition are not considered a determinative consideration. Additionally, a focus on the place where the infringing sales are made is consistent with other areas of intellectual property law -- it brings patent infringement actions into line with the rule applied in trademark and copyright cases." Id. at 1571.

Under 28 U.S.C. § 1295(a)(1), the Federal Circuit has *exclusive* jurisdiction over "an appeal from a final decision of a district court … in any civil action arising under …

3

any Act of Congress relating to *patents*…" (emphasis added). On the other hand, the Fed. Cir., through the Beverly Hills Fan Co. case, provides "[A]s we observed earlier in connection with the stream of commerce theory, we believe a *uniform body* of Federal Circuit law in this area would clearly promote judicial efficiency, would be consistent with our mandate, and would not create undue conflict and confusion at the district court level." (emphasis added). Id. at 1571. Accordingly, the Fed. Cir. jurisprudence should govern the issue of personal jurisdiction arising from an alleged patent infringement controversy in connection with a stream of commerce theory.

IV. **ARGUMENT**

   A. **Fed. Cir.'s Beverly Hill Fan Co. case, which is controlling on the issue of personal jurisdiction of this patent infringement case, requires that Defendant's motion to dismiss for lack of personal jurisdiction be defeated.**

As discussed above, the Fed. Cir. jurisprudence should govern the issue of personal jurisdiction arising from an alleged patent infringement controversy in connection with a stream of commerce theory. On the other hand, this case is patent infringement case in connection with a stream of commerce theory. Accordingly, Fed. Cir.'s Beverly Hill Fan Co. case is controlling on the issue of personal jurisdiction of this patent infringement case.

In the Beverly Hill Fan Co. case, which is likewise a patent infringement case in connection with a stream of commerce theory, a defendant, *inter alia*, distributed a number of its allegedly patent-infringing fans, into six (6) local stores in Virginia through a then on-going and continuous distribution network established by a certain retail chain called "Builder's Squire." The Fed. Cir. Court found that "it can be presumed that the distribution channel formed by defendants and Builder's Square was *intentionally established*, and that defendants *knew, or reasonably could have foreseen*, that a termination point of the channel was Virginia." (emphasis added). Id. at 1564.

4

Under this finding, the Fed, Cir. went on to hold that the non-resident plaintiff made the required jurisdictional showing of "purposeful minimum contacts" - under a stream of commerce theory. Id. at 1565 (holding that when "…[when] defendants, acting in consort, placed the accused fan in the stream of commerce, they knew the likely destination of the products, and their conduct and connections with the forum state were such that they should reasonably have anticipated being brought into court there." Id. at 1565.

That is, under the Fed. Cir. jurisprudence governing a stream of commerce theory, when a defendant placed accused allegedly patent-infringing products in the stream of commerce through a then on-going and continuous distribution network having six (6) local stores in Virginia, a defendant shall be held to have known: (1) the likely destination of the products (which is in Virginia), and (2) his conduct and connections with Virgina was such that he should reasonably have anticipated being brought into a federal court in Virgina. As such, the constitutionally required showing of "purposeful minimum contacts " – with which such that the maintenance of a suit does not offend 'traditional notions of fair play and substantial justice" – is met.

Further, as discussed above, in the Beverly Hill Fan Co. case, the Fed. Cir. held that in the specific patent infringement context, due to the special "injuries" that a patent owner plaintiff specifically suffers from seeing an infringer defendant violated the plaintiff's *patent-exclusion* right (as accorded and afforded by the U.S. Constitution) by selling allegedly infringing products in Virginia, the 'tortious injury' requirements of both A.3 and A.4 of the Virginia long-arm statute have been met when, as is the case for the defendant of that case, a defendant purposefully shipped an accused allegedly patent-infringing product into Virginia through an established on-going and continuous distribution network (such as the retail chain having six local stores in Virginia).

Primarily due to the combination of analysis made on on these two aspects, the Fed. Cir., in the Beverly Hill Fan Co. case, ruled in favor of the non-resident patent owner plaintiff on the issue of personal jurisdiction.

Turning to the personal jurisdiction issue of this patent infringement case, when comparing the set of facts of this patent infringement case to that of the Beverly Hill Fan Co. case, it should be clear that both are similar in nature in the sense that both defendants used an *intentionally established* distribution network, which both respective defendants "*knew, or reasonably could have foreseen*, that a termination point of the channel was Virginia." (emphasis added).

In fact, with respect to a respective defendant's using an *intentionally established* on-going and continuous distribution channel as well as a respective defendant's *having known or reasonably could have foreseen* that a termination point of the channel was Virginia, the current case in fact *categorically MUCH stronger* than the Beverly Hill Fan Co. case. More specifically, for the current patent-infringement case, Walmart, which was the on-going and continuous distribution network that Defendant Evriholder used to commit infringement of Plaintiff's patent, has been known to have over 100 Super Centers in Virginia, which dwarfs the six (6) local stores of Builder's Square, the distribution network that the defendant in the Beverly Hill Fan Co. case used.

As such, given that the Beverly Hill Fan Co. Court found personal jurisdiction (in a Virginia Court) against the defendant under FED. R. CIV. P. 12(b)(2), this Court, under the Beverly Hill Fan Co. jurisprudence of the Fed. Cir., shall have even stronger reason to, and therefore, find personal jurisdiction over the Defendant Evriholder of this case under FED. R. CIV. P. 12(b)(2). Accordingly, Defendant's motion to dismiss for lack of personal jurisdiction be defeated.

**B. Defendant's personal jurisdiction analysis errs in not taking into consideration the well-established Federal Circuit's specific jurisprudence (on the issue of personal jurisdiction) accorded to a patent infringement case of facts of similar nature under the Virgina long arm statute.**

Defendant's personal jurisdiction analysis is almost entirely divorced from the specific patent-infringement context and facts of this case. More specifically, all of the voluminous Supreme Court and Fed. Cir. cases which Defendant cited – cases such as World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286 (1980), Burger King v. Rudzewicz, 471 U.S. 462 (1985), Asahi Metal Industry Co. v. Superior Court of California, 480 U.S. 102 (1987), Touchcom, Inc. v. Bereskin & Parr, 574 F.3d 1403 (Fed. Cir. 2009), Autogenomics Inc. v. Oxford Gene Tech. Ltd., 566 F.3d 1012 (Fed. Cir. 2009) and Akro Corp. v. Luker, 45 F.3d 1541 (Fed. Cir. 1995) – are at best discussed (by Defendant) with respect a "stream of commerce" situation *in general*, as opposed to be a "stream of commerce" situation in the specific patent context and the specific facts similar in nature to the facts of this case. In fact, none of the discussed Supreme Court and Fed. Cir. cases, with the exception of the Beverly Hill Fan Co. case, were analyzed (by Defendant) in the patent infringement context that gives rise to an issue of personal jurisdiction in dispute as pertaining to a state's long-arm statute. Thus, none of the Supreme Court and Fed. Cir. cases which Defendant cited, with the exception of the Beverly Hill Fan Co. case, has any specific bearing on the issue of personal jurisdiction of the current patent infringement case.

Although Defendant briefly discussed the Beverly Hill Fan Co. case, Defendant's reading of the Beverly Hill Fan Co. case is critically and dispositively flawed.

First, Defendant appears to argue that the Beverly Hill Fan Co. case is distinguishable from the current patent infringement case. That argument is flat out contrary to the respective facts of both cases. As analyzed above, defendants of cases used an *intentionally established* distribution channel, which the respective defendants "*knew, or reasonably could have foreseen*, that a

7

termination point of the channel was Virginia." It is primarily the nature of the involved *intentionally established* distribution channel – the nature which is that the respective defendants "*knew, or reasonably could have foreseen*, that a termination point of the channel was Virginia." – and NOT those other secondary facts of the case – such as each product (fan) of the defendant carrying a warranty with a defendant or the defendant ships products (fans) through a third party not in Virginia – that compels the Fed. Cir. to find an exercise of personal jurisdiction on the defendant proper.

In fact, in the very Beverly Hill Fan Co. case, the Fed. Cir. painstakingly distinguished this nature of deliberate intention and reasonableness (i.e., certainty) of specifically calculated foreseeability from the nature of fortuitous foreseeability found in in the regular-cited World-Wide Volkswagen Corp and Asahi Metal Industry Co. v. Superior Court of California Supreme Court cases in finding the personal jurisdiction against the defendant. And Defendant *conveniently* opted not to discuss any of those painstaking and critical analysis of the Fed. Cir. when discussing the Beverly Hill Fan Co. case.

Thus, Defendant's alluding to Defendant's using one or multiple third parties to ship and display (on shelves of Walmart's local brick-and-mortar stores) its allegedly patent-infringing products, is immaterial, and therefore flat out wrong, in alleging that the current patent infringement case is somehow readily distinguishable from the Beverly Hill Fan Co. case, or vice-versa, on the issue of personal jurisdiction.

In fact, as Plaintiff pointed out above, the only "distinguishing" aspects of these two cases that has profound dispositive relevance to the personal jurisdiction analysis is that the current case's level of deliberate intention and reasonableness (i.e., certainty) with respect to specifically calculated foreseeability, is *categorically MUCH greater* than that of the Beverly Hill Fan Co.

case. And this "distinguishing" aspect of these two cases only dispositively amplifies (i.e., puts the icing on the cake) the inevitability of reaching of the positive determination that a federal court in Virginia indeed has personal jurisdiction over Defendant Evriholder.

Accordingly, Defendant's personal jurisdiction analysis is critically flawed, and shall be rejected in its entirety.

### C. Venue is proper in this Court under 28 U.S.C. §§ 1391 & 1400.

Venue is proper in this Court under 28 U.S.C. §§ 1391 & 1400.

Defendant's patent infringement, which gives rise to the patent infringement claim of this case, occurred in a massive number of Walmart brick-and-mortar stores of this District, and therefore in this District.

Accordingly, under 28 U.S.C. § 1391(b)(2) and 28 U.S.C. § 1400(b), venue is proper in this Court, and therefore Defendant's motion to dismiss for improper venue shall be defeated.

### D. This Court should deny Defendant's request for dismissal and grant Defendant's alternative relief of transfer.

In the interest of justice as pertaining to, *inter alia*, preserving the Plaintiff's original filing date and judicial economy, Plaintiff does not oppose Defendant's alternative request to transfer this action to the United States District Court for the Central District of California (hereinafter "the CDCA") pursuant to 28 U.S.C. § 1406(a). See ECF No. 12.

As established above, this Court has personal jurisdiction over Defendant Evriholder. And the venue is proper in this Court. Thus, this Court shall deny Defendant's request for dismissal and instead grant the transferring of this action to the CDCA. *See* Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466-67 (1962) (holding that a district court may transfer a case a district where venue is proper and personal jurisdiction can be obtained *even if* the transferring court did not have personal jurisdiction over some defendants) (emphasis added).

9

## V. CONCLUSION

For all the foregoing reasons, Evriholder's motion to dismiss for lack of personal jurisdiction and improper venue shall be denied in its entirety and this Court shall grant the transferring this action to the CDCA.

Dated: January 2, 2026                Respectfully submitted,

                                                By:   */s/ Jundong Ma*
                                                           Jundong Ma (VA Bar No. 75143)
                                                           JDM Patent Law PLLC
                                                           5570 Sterrett Place, Suite 201
                                                           Columbia, MD 21044
                                                          Telephone: (703) 380-3874
                                                           jma@jdmpatentlaw.com

                                                           *Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the forgoing with the Clerk of Court using the CM/ECF system, which sent a notification of such a filing to all counsels of record:

Date: January 2, 2026

/s/ Jundong Ma
Jundong Ma